UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY D. BERRY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 20-CV-0668-CVE-JFJ |
| RICK WHITTEN, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner Stacey Berry, a state prisoner appearing through counsel, commenced this action on December 18, 2020, by filing a "petition in the nature of mandamus and prohibition" (Dkt. # 2, hereafter, "mandamus petition"). On January 19, 2021, Berry filed a motion for hearing (Dkt. # 3). For the reasons that follow, the Court finds that the mandamus petition is an unauthorized second or successive 28 U.S.C. § 2254 petition for writ of habeas corpus.[1] The Court therefore dismisses the mandamus petition, without prejudice, for lack of jurisdiction and denies as moot Berry's motion for hearing.

I.

Berry challenges the judgment and sentence entered against him in the District Court of Craig County, Case No. CF-2014-36. Dkt. # 2, at 4. He claims that his convictions of four counts of child sexual abuse and one count of sexual battery are "void," and that he should be immediately released

---

[1] Berry did not identify a proper respondent. However, because it is clear from the face of the petition that he is incarcerated at the Lexington Assessment and Reception Center (LARC), in Lexington, Oklahoma, and that he is challenging the validity of his state-court judgment and corresponding confinement in state custody, the Court directed the Clerk of Court to name Rick Whitten, the LARC's warden, as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

from state custody because the State of Oklahoma ("the state") lacked jurisdiction over his criminal prosecution. Dkt. # 2, at 5, 12-19. More specifically, Berry contends that he is Native American and an enrolled member of the Cherokee Nation, that his victims are Native American and enrolled members of the Cherokee Nation, and that he committed his crimes near Vinita, Oklahoma, which is located within the boundaries of the Cherokee Nation Reservation. Dkt. # 2, at 12-19. To support this claim, Berry cites several cases, but primarily relies on the United States Supreme Court's decision in McGirt v. Oklahoma, 140 S. Ct. 2452 (2020). Dkt. # 2, at 13-14. In McGirt, the Supreme Court held that the state lacked jurisdiction to prosecute the criminal defendant in that case because the defendant was Native American and he committed his crimes within the boundaries of the Muscogee (Creek) Nation Reservation, a reservation that the McGirt Court determined was "Indian country" for purposes of the Major Crimes Act, 18 U.S.C. § 1153(a), because Congress never disestablished the reservation. McGirt, 140 S. Ct. at 2459-60, 2474.

As relief for his allegedly unlawful prosecution, Berry asks this Court to (1) order the District Court of Craig County to dismiss his criminal case and "refrain from addressing any further issues" in that case (2) order the Oklahoma Department of Corrections to immediately release him, (3) order that "the matter be prosecuted, if at all, in the Federal District Court for the Northern District of Oklahoma," and (4) order the District Court of Craig County and the state to pay a fine of $500 for each day that he has been, and continues to be, unlawfully confined.

## II.

While Berry styles the mandamus petition as one seeking a writ of mandamus and a writ of prohibition, it is clear that Berry is in state custody, that he brings this action to assert a claim that he is in state custody in violation of federal law, and that he seeks the remedy of immediate release.

The proper way to challenge the validity of his criminal judgment and request his release from state custody is to invoke this Court's federal habeas jurisdiction by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus. See 28 U.S.C. §§ 2241(c)(3), 2254(a); Yellowbear v. Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir. 2008). Berry appears to understand this as he admits that he previously filed a § 2254 petition, on October 23, 2019, and that the prior § 2254 petition was dismissed as "being filed out of time." Dkt. # 2, at 6, 12. This Court's review of its own records confirms (1) that Berry filed a § 2254 petition on October 23, 2019, raising the same McGirt claim he asserts in the mandamus petition and an ineffective-assistance-of-counsel claim, and (2) that this court dismissed Berry's prior § 2254 petition on October 22, 2020, because both claims were barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. See Berry v. Braggs, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849, at *4-11 (N.D. Okla. Oct. 22, 2020).

Undeterred, Berry filed the mandamus petition on December 18, 2020, reasserting his McGirt claim and once again asking this Court to order his immediate release from state custody. Dkt. # 2, at 12-19. But repackaging his request for habeas relief as one for mandamus relief does not permit Berry to avoid 28 U.S.C. § 2244(b)'s requirements for filing a second or successive habeas petitions. Under § 2244(b), a federal district court must dismiss claims asserted in a second or successive § 2254 petition if those claims were "presented in a prior application." 28 U.S.C. § 2244(b)(1). In limited circumstances, the district court may consider claims presented in a second or successive § 2254 petition if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a second or successive habeas petition in federal district court, either raising the same or different claims, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive

petition. 28 U.S.C. § 2244(b)(3)(A). If the court of appeals authorizes the filing of a second or successive petition, the district court must then consider whether the individual claims asserted in the petition must be dismissed under § 2244(b). Case v. Hatch, 731 F.3d 1015, 1026-27 (10th Cir. 2013).

Because Berry challenges the same judgment as he did in his prior § 2254 petition and does so on one of the same grounds he presented in the prior petition, the Court finds that the mandamus petition is a second or successive § 2254 petition that is subject to § 2244(b)'s requirements. Compare Burton v. Stewart, 549 U.S. 147, 153 (2007) (concluding second-in-time habeas petition was second or successive under 28 U.S.C. § 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"), with Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) (explaining that "where, unlike in Burton, there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all" (quoting Burton, 549 U.S. at 156)).

Berry was therefore required to obtain authorization from the United States Court of Appeals for the Tenth Circuit before filing the instant petition. 28 U.S.C. § 2244(b)(3)(A). And nothing in the record demonstrates that Berry did so. The Court thus finds that the mandamus petition is an unauthorized second § 2254 habeas petition and should be dismissed, without prejudice, for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization.").

The Court recognizes that it has discretion to transfer this matter to the Tenth Circuit as an alternative to dismissal. See Cline, 531 F.3d at 1252; 28 U.S.C. § 1631. But the Court finds that the failure to transfer this matter will not place Berry at risk of losing any potentially meritorious claims. See Cline, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate). As stated, Berry seeks relief on the basis of his previously-presented McGirt claim, and the opinion and order in Berry's prior habeas case thoroughly explained why § 2244(d)(1) bars that claim. See Berry v. Braggs, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849, at *4-11 (N.D. Okla. Oct. 22, 2020). Because the McGirt claim is untimely and appears subject to dismissal under § 2244(b)(1), the Court concludes that the mandamus petition, construed as an unauthorized second § 2254 petition, should be dismissed, without prejudice, rather than transferred.[2]

In addition, because the Court finds that reasonable jurists would not debate the procedural dismissal of the mandamus petition, the Court declines to issue a certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The "petition in the nature of mandamus and prohibition" (Dkt. # 2), is construed as an unauthorized second 28 U.S.C. § 2254 petition for writ of habeas corpus and is **dismissed without prejudice** for lack of jurisdiction.

---

[2] The Court also notes that Berry's McGirt claim is pending in the District Court of Craig County pursuant to a second application for postconviction relief that Berry filed in August 2020. Dkt. # 2, at 6. According to Berry, the state district court has set a status conference for February 17, 2021. Id. The existence of an ongoing state postconviction proceeding that may resolve Berry's McGirt claim further persuades this Court that dismissal is more appropriate than transfer.

2. The motion for hearing (Dkt. # 3) is **denied as moot**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

   **DATED** this 26th day of January, 2021.

                                          _____
                                          CLAIRE V. EAGAN
                                          UNITED STATES DISTRICT JUDGE